■ THEODORE S. MATTERA, Respondent-Appellant, v WANDA MATTERA et al., Appellants-Respondents.—In an action for a divorce and ancillary relief, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered December 20, 1985, as denied those branches of their motion to dismiss the plaintiff's third cause of action for rescission of a deed, or, in the alternative, for summary judgment dismissing that cause of action, for summary judgment on the defendant Theresa Mattera's second counterclaim seeking, *inter alia,* immediate possession of the property located at 56 Ridgewood Terrace, Chappaqua, New York, and an award of damages for

the use and occupancy of those premises, and granted the plaintiff leave to renew his motion to amend his complaint upon the submission of a proposed amended complaint; and (2) the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as denied his cross motion for summary judgment on his third cause of action for rescission of a deed, and granted the defendants' motion to dismiss his sixth cause of action and so much of his fifth cause of action as sought the imposition of a constructive trust.

Ordered that the order is modified, on the law, by deleting the provision which dismissed so much of the fifth cause of action as sought the imposition of a constructive trust, and substituting therefor a provision denying in its entirety that branch of the defendants' motion which sought dismissal of so much of the fifth cause of action as sought the imposition of a constructive trust. As so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The principal issues presented on this appeal and cross appeal concern the title of two parcels of real property referred to, respectively, as the "56 Ridgewood Terrace" property and the "41 Maple Avenue" property, both of which are located in Chappaqua, New York. In this regard, we are also called upon to consider whether the plaintiff husband is entitled to have a constructive trust imposed on these two properties as demanded in his amended complaint. We find that it was error to dismiss so much of the fifth cause of action as sought the imposition of a constructive trust on the 41 Maple Avenue property which, allegedly, was fraudulently conveyed to the defendant Theresa Ann Mattera in 1980 by using the plaintiff's funds. Initially, we observe that the defendants did not seek this relief in their moving papers. In any event, the cause of action was sufficiently pleaded. A constructive trust is an equitable remedy which may be imposed whenever necessary to satisfy the demands of justice (see, Simonds v Simonds, 45 NY2d 233; Notar Servs. Corp. v Dalmazio, 110 AD2d 892; Coco v Coco, 107 AD2d 21, 24).

With respect to the 56 Ridgewood Terrace property, the allegations of the amended complaint were sufficient to preclude the dismissal of the sixth cause of action for a constructive trust on that property. However, that claim was barred by the Statute of Limitations. An action to impress a constructive trust is governed by the six-year Statute of Limitations period provided under CPLR 213 (1), that "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the

fraud are discovered" *(Boronow v Boronow,* 111 AD2d 735, 737; *see, Kitchner v Kitchner,* 100 AD2d 954). In the matter before us, it is clear that the alleged wrongful act complained of occurred in 1975, when the defendants allegedly fraudulently induced the plaintiff to sign the deed transferring his interest in the 56 Ridgewood Terrace property to his daughter, the defendant Theresa Ann Mattera. Therefore, the cause of action to impress a constructive trust on the 56 Ridgewood Terrace property, which was brought in 1983, is time barred and was properly dismissed.

Turning to the defendants' motion for summary judgment dismissing the plaintiff's third cause of action, we find no merit to the defendants' contention that the plaintiff failed to set forth sufficient details in his amended complaint to meet the pleading requirements of CPLR 3016 (b) governing claims to recover for fraudulent conduct. The plaintiff alleged in his amended complaint that his wife and daughter, the defendants herein, fraudulently induced him to sign a deed transferring to his daughter his interest in the 56 Ridgewood Terrace property, which had been owned jointly by the plaintiff and his wife. The plaintiff further alleged that while the signature on the deed appears to be his, he was not aware of having signed the transfer deed and had no intention of executing such a deed. We recognize that the plaintiff did not set forth detailed circumstances by which the defendants' conduct fraudulently induced him to sign the deed in issue. Because the plaintiff has no recollection of having participated in the subject transaction, the circumstances surrounding this transaction are peculiarly within the knowledge of the defendants. "It is almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of the party [moving for summary relief]" *(Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194; *see, P.S. Auctions v Exchange Mut. Ins. Co.,* 105 AD2d 473, 475).

Special Term also properly denied summary judgment upon the third cause of action on the ground that several triable issues of fact exist with respect to the plaintiff's fraud claim. Summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a genuine triable issue of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). As a general rule, the signer of a written agreement is deemed to be conclusively bound by its terms. However, this rule has no application where there is a showing of

fraud, duress or some other wrongful act on the part of any party to the contract *(see, Pimpinello v Swift & Co.,* 253 NY 159; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). At bar, the plaintiff produced the attorney who the defendant Wanda Mattera claimed met with her and her husband and daughter regarding the transfer of the 56 Ridgewood Terrace property. Although the attorney recognized the deed as having been prepared by him, he categorically denied ever having met the plaintiff. Moreover, the notary public who witnessed the acknowledgment was produced at the hearing and stated that part of the acknowledgment was not in his writing. Accordingly, outstanding issues of fact exist as to the propriety of the transaction which should be resolved upon a trial.

It must be noted, however, that no challenge has been made to the genuineness of Wanda Mattera's signature on the deed. Therefore, Theresa Ann Mattera is entitled to share jointly with her father the possession of the subject house. Even if the summary judgment motion on this issue were resolved in the plaintiff's favor and the deed transferring the property were found to be void, Theresa Ann Mattera would remain a tenant in common with the plaintiff with respect to the rights to possession *(see, Son Fong Lum v Antonelli,* 102 AD2d 258, 262, *affd* 64 NY2d 1158).

Finally, the plaintiff's third cause of action is not time barred. CPLR 213 (8) provides that the six-year Statute of Limitations for fraud "shall be computed from the time the plaintiff * * * discovered the fraud, or could with reasonable diligence have discovered it". It was not until 1983 that the plaintiff's wife ordered him out of the marital residence at 56 Ridgewood Terrace and advised him that he did not own the property. If the plaintiff can prove that he was not aware that he was signing a deed, there would have been no reason for him to have checked upon his ownership status prior to 1983. Accordingly, that cause of action, which was brought in 1983, may be timely.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.