■ FRANK SHANNON, Appellant, v DAVID P. GORDON et al., Respondents. [670 NYS2d 887] —On the court's own motion, it is

Ordered that the unpublished decision and order of this Court dated March 16, 1998, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages, *inter alia*, for fraud and breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan J.), entered February 7, 1997, which, *inter alia*, granted the defendants' motions for summary judgment dismissing the complaint and an award of sanctions pursuant to CPLR 8303-a, dismissed the complaint, and awarded sanctions of $500 to each of the defendants.

Ordered that the order and judgment is modified, on the law, by deleting the second and third decretal paragraphs thereof and substituting therefor a decretal paragraph denying that branch of the defendants' motion which was for an award of sanctions; as so modified, the order and judgment is affirmed, without costs or disbursements.

The plaintiff Frank Shannon commenced this action on October 6, 1995, against the defendant Eli Reiter, the principal shareholder and president of General Aero Corporation (hereinafter General Aero), whose business was designing and manufacturing aerospace instruments, and the defendant David P. Gordon, a patent attorney who obtained several patents on General Aero's product designs. The plaintiff's action is based upon his claim that the defendants deprived him of his rights in a patent for a device he allegedly invented by forging his signature on a document dated July 10, 1987, in which he assigned his rights to the patent to General Aero, which subsequently assigned the rights to Gordon. The Supreme Court granted the defendants' motions for summary judgment pursuant to CPLR 3212 and for sanctions pursuant to CPLR 8303-a. This appeal ensued.

The Supreme Court properly determined that the plaintiff's fraud cause of action was barred by the Statute of Limitations. The Statute of Limitations for a fraud claim is six years from the date of the commission of the fraud or two years after its actual or imputed discovery whichever is longer (*see*, CPLR 213 [8]; 203 [g]; *Baratta v ABF Real Estate Co.*, 215 AD2d 518; *K & E Trading & Shipping v Radmar Trading Corp.*, 174 AD2d 346, 347). Here, the alleged forgery occurred on July 10, 1987, more than six years prior to the commencement of this action.

Moreover, the record supports the Supreme Court's conclusion that the action was not commenced within two years after the plaintiff actually discovered or should have discovered the fraud. The issue of when a plaintiff could have discovered an alleged fraud turns upon whether the plaintiff possessed knowledge of facts from which he or she could reasonably have inferred that fraud had occurred. A plaintiff may not shut his or her eyes to facts which call for investigation (*see, K & E Trading & Shipping v Radmar Trading Corp., supra*, citing *Schmidt v McKay*, 555 F2d 30, 37; *Trepuk v Frank*, 44 NY2d 723, 724-725). Here, the plaintiff's claim that he was unaware of having assigned his rights until 1994, is belied by the evidence that he read the cover page of the issued patent in 1988 which specifically noted that the patent had been assigned to the defendant Gordon. Moreover, the plaintiff alleges that because of certain misrepresentations made by one or both of the defendants between 1987 and 1994, he had no knowledge of facts from which to infer that a fraud had been perpetrated against him until March 1994. However, at his deposition, the plaintiff admitted that his one and only contact with the defendant Gordon prior to 1994, was at a 1984 meeting, and that after 1990 he never heard from the defendant Reiter.

The plaintiff also alleged that in 1990, the defendant Reiter informed him that the defendant "Gordon should be wrapping up the negotiations with the cable company soon and they would all get paid". However, the plaintiff failed to make any inquiry regarding the status of the negotiations subsequent to that conversation, although he received no money or additional information. It follows that the plaintiff has failed to show that he was unaware of facts surrounding the possible fraudulent conduct on the part of the defendants during the two years prior to the date the complaint was filed (*see, TMG-II v Price Waterhouse & Co.*, 175 AD2d 21, 22). Thus, the plaintiff's fraud causes of action are time-barred.

Additionally, the court properly dismissed the plaintiff's legal malpractice cause of action against the defendant Gordon, as

no attorney-client relationship existed between them (*see, Volpe v Canfield*, 237 AD2d 282; *C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 847; *Viscardi v Lerner*, 125 AD2d 662, 663-664; *cf., Talvy v American Red Cross*, 205 AD2d 143, *affd* 87 NY2d 826). The court also properly dismissed the breach of contract cause of action against the defendant Reiter, as any alleged contract was not reasonably certain in its material terms (*see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88; *Brands v Urban*, 182 AD2d 287).

However, under the circumstances of this case, sanctions were not warranted.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.