■ LINDA HILLMAN, Appellant, v CITY OF NEW YORK et al., Respondents. [693 NYS2d 224] —In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 23, 1997, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The Statute of Limitations for a cause of action sounding in fraud is six years from the wrong, or two years from the date the fraud could reasonably have been discovered, whichever is later (see, CPLR 203 [g]; 213 [8]; Lefkowitz v Appelbaum, 258 AD2d 563; Shannon v Gordon, 249 AD2d 291; Baratta v ABF Real Estate Co., 215 AD2d 518). The burden of establishing that the fraud could not have been discovered before the two-year period before the commencement of the action rests on the plaintiff, who seeks the benefit of the exception (see, Lefkowitz v Appelbaum, supra).

The gravamen of the plaintiff's fraud claim is that an employee of the New York City Police Department knowingly made false representations to her during an interview on March 19, 1986, which induced her to decline an appointment to the position of police attendant. This action was not commenced until October 22, 1996, more than ten years after these representations were allegedly made to the plaintiff. Furthermore, the plaintiff has not established that she commenced this action within two years from the date when she acquired knowledge of facts from which she could have reasonably inferred that a fraud occurred (see, Shannon v Gordon, supra). To the contrary, the record reveals that at the latest, the plaintiff was aware that false statements had been made to her during the 1986 interview by the time she instituted an action against the New York City Police Department in Federal

Court in December 1992, nearly four years before the commencement of this action. Accordingly, the Supreme Court properly dismissed the complaint upon the ground that it is barred by the Statute of Limitations. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.