■ VERA JULIAN, Appellant, v ROSEMARY CARROLL et al., Respondents. [704 NYS2d 654] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 11, 1999, which granted the defendants' motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

A cause of action to recover damages for legal malpractice accrues on the date the malpractice was committed, not when the client discovered it (*see, Glamm v Allen,* 57 NY2d 87; *Goicoechea v Law Offs. of Stephen R. Kihl,* 234 AD2d 507). The representation of the plaintiff by the defendants terminated in December 1991. Thus, the legal malpractice causes of action in this case, which was commenced in November 1998, are time-barred (*see, Glamm v Allen, supra*; CPLR 214 [6]), even under prior case law which applied a six-year Statute of Limitations to legal malpractice claims (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700).

The plaintiff failed to establish that the doctrine of equitable estoppel bars the defendants from invoking the Statute of Limitations defense (*see, Simcuski v Saeli,* 44 NY2d 442). Even assuming the truth of the plaintiff's assertion that she was misled by the defendants as to the legal effect of a stipulation obtained on her behalf in a proceeding commenced in 1991 pursuant to CPLR article 78, the facts were made known to her in 1993 in a subsequent motion in the same proceeding and in an action commenced in Federal court in 1994. The plaintiff failed to demonstrate that she exercised due diligence, after discovery of the facts, in commencing this action (*see, Simcuski v Saeli, supra*; *Campbell v Chabot,* 189 AD2d 746).

The plaintiff's causes of action sounding in fraud were also time-barred. The Statute of Limitations for a fraud cause of action is six years from the date of commission of the fraud (here 1991) or two years from the date the fraud was or could reasonably have been discovered, whichever is later (*see, Hillman v City of New York,* 263 AD2d 529; *Shannon v Gordon,* 249 AD2d 291; CPLR 213 [8]; 203 [g]). The burden of establishing that the fraud could not have been discovered before the expiration of the two-year period prior to commencement of the action rests on the plaintiff (*see, Hillman v City of New York,*

*supra*; *Lefkowitz v Appelbaum,* 258 AD2d 563). Despite the alleged misrepresentations by the defendants as to the effect of the 1991 stipulation, the record reveals that the plaintiff discovered the facts during the litigation of her action commenced in Federal court in 1994. Since this action was commenced more than two years later, the fraud claims were time-barred.

The plaintiff's allegations of defamation, which were based on a 1991 letter and statements made in Federal court in 1994 or 1995, were barred by the one-year Statute of Limitations (*see,* CPLR 215 [3]).

In view of our determination, we do not reach the defendants' contentions regarding the sufficiency of the allegations in the complaint. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.