■ ANGELA BARCHELLA, Respondent, v FRANK BARCHELLA, Appellant. [844 NYS2d 78]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered February 24, 2006, which, after a nonjury trial, granted the plaintiff's motion to vacate the parties' postnuptial agreement.

Ordered that the order is affirmed, with costs.

The plaintiff-wife moved to set aside the parties' postnuptial

agreement (hereinafter the agreement) pursuant to which she surrendered her interest in significant assets in exchange for the defendant-husband's agreement to purchase a home for her with a maximum value of $600,000. The wife signed the agreement against the advice of her attorney, while she was undergoing treatment and suffering from the mental and physical effects of complications arising from a surgery. The agreement was drafted by the husband's attorney. After a nonjury trial, the Supreme Court granted the wife's motion to vacate the agreement. We affirm.

In general, postnuptial agreements are subject to ordinary principles of contract law (see *O'Malley v O'Malley*, 41 AD3d 449 [2007]; *Whitmore v Whitmore*, 8 AD3d 371, 372 [2004]). However, because of the fiduciary relationship that exists between spouses, postnuptial agreements are closely scrutinized by the courts and are more readily set aside on grounds that would be insufficient to nullify an ordinary contract (*cf. Levine v Levine*, 56 NY2d 42, 47 [1982]; *Cardinal v Cardinal*, 275 AD2d 756, 757 [2000]; *Paruch v Paruch*, 140 AD2d 418, 421 [1988]). "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching" (*Christian v Christian*, 42 NY2d 63, 72 [1977]). Here, the Supreme Court properly set aside the agreement as manifestly unfair to the wife because of the husband's overreaching (see *Frank v Frank*, 260 AD2d 344 [1999]; *Thomas v Thomas*, 145 AD2d 477 [1988]; *Stern v Stern*, 63 AD2d 700 [1978]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.