■ BAMBI DAWN ACKERMAN, Appellant, v SHEILA ACKERMAN et al., Respondents. [993 NYS2d 53]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered July 9, 2012, as granted the motion of the defendant Sheila Ackerman for summary judgment dismissing the complaint insofar as asserted against her and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant Gregg Ackerman, and (2) so much of an order of the same court entered January 25, 2013, as, upon reargument, adhered to so much of the original determination as granted the motion of the defendant Sheila Ackerman for summary judgment dismissing the complaint insofar as asserted against her and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant Gregg Ackerman.

Ordered that the appeal from the order entered July 9, 2012 is dismissed, without costs or disbursements, on the ground that it was superseded by the order entered January 25, 2013, made upon reargument; and it is further,

Ordered that the order entered January 25, 2013 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the determination in the order entered July 9, 2012 as, upon searching the record, awarded summary

judgment dismissing the causes of action in the complaint which sought to recover damages for fraud and breach of fiduciary duty against the defendant Gregg Ackerman, and to impose a constructive trust against that defendant, and substituting therefor a provision, upon reargument, vacating so much of that determination in the order entered July 9, 2012; as so modified, the order entered January 25, 2013 is affirmed insofar as appealed from, without costs or disbursements.

In or around 2000, the defendant Sheila Ackerman and her late husband purchased certain residential property. In or around 2008, Sheila transferred ownership of the property to her son, the defendant Gregg Ackerman, and the plaintiff. Gregg and the plaintiff were married and resided on the property. In 2010, in the presence of the attorney for Sheila, the plaintiff and Gregg executed a deed transferring the property to Sheila. Several weeks later, Gregg moved from the property and commenced a divorce action against the plaintiff. Thereafter, Sheila moved to evict the plaintiff from the property.

The plaintiff commenced the instant action alleging fraud and conspiracy to defraud against both Gregg and Sheila, and breach of fiduciary duty against Gregg. The complaint also sought to impose a constructive trust against both Gregg and Sheila, and to rescind the deed conveying title to Sheila. The plaintiff alleged, inter alia, that she was fraudulently induced by the defendants into executing the subject deed and that she did not know that, by her execution of the deed with Gregg, she was transferring full ownership to Sheila. She further alleged that Gregg was unjustly enriched by the transfer in that Sheila holds title to the property for the benefit of Gregg. Sheila moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the motion and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against Gregg. The plaintiff moved for leave to reargue her opposition to Sheila's motion, and upon reargument, the court adhered to the original determination.

The gravamen of the plaintiff's complaint is fraud in the factum, that the plaintiff was induced to sign something entirely different than what she thought she was signing (*see First Natl. Bank of Odessa v Fazzari*, 10 NY2d 394, 397 [1961]). However, a party is under an obligation to read a document before signing it, and generally such a cause of action only arises if the signor is illiterate, blind, or not a speaker of the language in which the document is written (*see First Natl. Bank of Odessa v Fazzari*, 10 NY2d at 397; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785,

788 [2009]). Sheila established her prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff signed the deed in an attorney's office and that the attorney explained to her the content of the document. In opposition, the plaintiff failed to raise a triable issue of fact.

Gregg, however, did not move for summary judgment, and the evidence in the record did not establish his prima facie entitlement to judgment as a matter of law. As spouses, the plaintiff and Gregg had a fiduciary relationship to each other (*see Christian v Christian*, 42 NY2d 63, 72 [1977]; *Barchella v Barchella*, 44 AD3d 696, 697 [2007]). Based upon the fiduciary relationship that exists between spouses, postnuptial agreements are closely scrutinized by the courts and are more readily set aside on grounds that would be insufficient to nullify an ordinary contract (*see Barchella v Barchella*, 44 AD3d at 696). Since Gregg left the plaintiff and commenced a divorce action against her shortly after the plaintiff executed the deed transferring the property to Sheila, an inference could be drawn that he asked the plaintiff to sign the deed to gain a financial advantage in the matrimonial action by effecting an unequal division of marital property while Sheila held the property in her name for his benefit (*see Mattera v Mattera*, 125 AD2d 555, 556 [1986]).

In view of the foregoing, the Supreme Court erred in searching the record and awarding summary judgment dismissing the causes of action alleging fraud and breach of fiduciary duty against Gregg, and to impose a constructive trust against Gregg (*see Iwanow v Iwanow*, 39 AD3d 476, 477 [2007]; *Mattera v Mattera*, 125 AD2d at 556). Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.