■ U.S. Legal Support, Inc., Respondent-Appellant, v Eldad Prime, LLC, Appellant-Respondent. [5 NYS3d 1]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered January 14, 2014, awarding plaintiff the principal sum of $630,909.46, unanimously affirmed, with costs. Appeals from the underlying order and amended supplemental order, same court and Justice, entered November 25, 2013 and December 15, 2013, respectively, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Judgment, same court (Ira Gammerman, J.H.O.), entered April 11, 2014, after a hearing, awarding defendant, on its counterclaim for unpaid rent, the principal sum of $72,000, unanimously modified, on the law, to provide that

the principal sum be offset by the amount of interest on plaintiff's security deposit, and the Clerk is directed to recalculate the security-deposit interest at the rate of 9% per annum from December 1, 1999 to April 11, 2014, and to amend the judgment accordingly, and otherwise affirmed, without costs.

Defendant landlord failed to demonstrate that it was entitled to reformation of the lease amendment providing that it would reimburse plaintiff tenant the total cost of its alterations, rather than a capped amount as had been set forth in drafts circulated during negotiations over the renewal lease. Defendant's failure to read the final document before signing it precludes its claim of unilateral mistake induced by fraud based on plaintiff's failure to highlight its deletion of the portion of the provision capping the reimbursement amount, before presenting it to defendant's in-house counsel for defendant's signature (*see e.g. Hutchinson Burger, Inc. v Hutch Rest. Assoc., L.P.*, 100 AD3d 531 [1st Dept 2012], *lv denied* 21 NY3d 858 [2013]). Defendant failed to exercise ordinary diligence (*see DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 153-154 [2010]). Contrary to this sophisticated defendant's contention, the justifiability of its reliance does not present an issue of fact barring summary disposition (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 99 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). Even assuming an obligation to conduct pre-contractual negotiations in good faith in appropriate circumstances, such as would enable a party to rely on the adverse party negotiating in good faith and to assume that there are no new changes to earlier drafts unless the change is highlighted, defendant's claim for reformation based on the allegation of fraud cannot stand. Defendant simply may not justifiably rely on the absence of such highlighting for its failure to fully review the final version of this four-page document before signing it, especially since the change is on the first page.

Plaintiff submitted admissible business records to support its claim for reimbursement (*see One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 11-12 [1st Dept 2011]). It also satisfied the other lease conditions for reimbursement. We note that defendant failed to raise any specific objections to plaintiff's evidence of compliance with those conditions until it moved for summary judgment more than three years after plaintiff had submitted the evidence to it with a demand for reimbursement.

The defense of unconscionability lacks merit, since defendant could have walked away from the bargaining table (*see Dabriel,*

*Inc. v First Paradise Theaters Corp.*, 99 AD3d 517, 521 [1st Dept 2012]). That the transaction ultimately proved somewhat one-sided—the cost of renovations approached the annual rent under the renewal lease—is insufficient to show that the lease amendment was unconscionable when made (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]).

The defense that plaintiff, a foreign corporation, was unauthorized and therefore lacked capacity to sue pursuant to Business Corporation Law § 1312 (a), if it ever was valid, was rendered ineffectual by plaintiff's cure of the alleged defect (*see Uribe v Merchants Bank of N.Y.*, 266 AD2d 21 [1st Dept 1999]). Defendant failed to carry its burden of demonstrating, in the first instance, that plaintiff was required to comply with Business Corporation Law § 1301 (d).

Defendant's failure to deposit plaintiff's security in an interest-bearing account created a presumption that the funds were commingled from the first day they were provided, so the interest rate paid on accounts in which defendant deposited other tenants' funds is irrelevant (*see Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.*, 68 AD3d 440 [1st Dept 2009]). Notably, it was defendant's burden to prove that it did not commingle the funds (*see 225 E. 64th St., LLC v Janet H. Prystowsky, M.D. P.C.*, 96 AD3d 536, 537-538 [1st Dept 2012]).

We have considered defendant's other contentions and find them unavailing. Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 32995(U).]**