■ Barbara Cannariato, Appellant, v Vincent Cannariato, Jr., et al., Respondents, et al., Defendant. [24 NYS3d 214]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered April 2, 2014, as granted that branch of the motion of the defendants Vincent Cannariato, Jr., Vincent's Limousine Service of New York, Inc., 43-14 Broadway Corporation, and 42-06 Broadway Realty, LLC, which was pursuant to CPLR 3211 (a) (5) to dismiss the cause of action alleging fraud insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

An action alleging fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; *see* 203 [g]; *Coleman v Wells Fargo & Co.*, 125 AD3d 716 [2015]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 849 [2013]; *Oggioni v Oggioni*, 46 AD3d 646, 648 [2007]). "On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (*Coleman v Wells Fargo & Co.*, 125 AD3d at 716; *see Beizer v Hirsch*, 116 AD3d 725 [2014]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (*Coleman v Wells Fargo & Co.*, 125 AD3d at 716; *see Beizer v Hirsch*, 116 AD3d 725 [2014]).

Where a plaintiff relies upon the two-year discovery exception to the six-year limitations period, " '[t]he burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception' " (*Sargiss v Magarelli*, 50 AD3d 1117, 1118 [2008], *mod* 12 NY3d 527 [2009], quoting *Von Blomberg v Garis*, 44 AD3d 1033, 1034 [2007]; *see Sabbatini v Galati*, 43 AD3d 1136, 1140 [2007]). Although the question of when a plaintiff could "with

reasonable diligence have discovered the alleged fraud" is ordinarily "a mixed question of law and fact," summary dismissal is appropriate "where it conclusively appears that the plaintiff has knowledge of facts which should have caused [him or] her to inquire and discover the alleged fraud" (*Rattner v York*, 174 AD2d 718, 721 [1991]; *see House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d at 849; *Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d 315, 316 [2006]). Thus, although "mere suspicion" will not substitute for knowledge of the fraudulent act (*Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, 326 [1957]), a plaintiff may not " 'shut his [or her] eyes to facts which call for investigation' " (*Saphir Intl., SA v UBS PaineWebber Inc.*, 25 AD3d at 316, quoting *Schmidt v McKay*, 555 F2d 30, 37 [2d Cir 1977]; *see Shannon v Gordon*, 249 AD2d 291, 292 [1998]).

Here, the gravamen of the plaintiff's complaint is fraud in the factum, that she was induced to sign documents without being advised of their contents (*see Ackerman v Ackerman*, 120 AD3d 1279, 1280 [2014]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]). However, "[a] party who signs a document without any valid excuse for not having read it is 'conclusively bound' by its terms" (*Ferrarella v Godt*, 131 AD3d 563, 567-568 [2015], quoting *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11 [1988]; *see Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]; *U.S. Legal Support, Inc. v Eldad Prime, LLC*, 125 AD3d 486, 487 [2015]; *Ackerman v Ackerman*, 120 AD3d at 1280; *Matter of Aoki v Aoki*, 117 AD3d 499, 503 [2014], *lv granted* 24 NY3d 917 [2015]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d at 788). In this case, the plaintiff admitted that she neither read nor inquired about the contents of the documents upon which she relies to establish the fraud before she signed them, yet she failed to proffer any valid excuse for her failure to do so. Under these circumstances, the plaintiff is conclusively presumed to have agreed to the terms of those documents (*see Gillman v Chase Manhattan Bank*, 73 NY2d at 11; *Pimpinello v Swift & Co.*, 253 NY at 162-163; *Ferrarella v Godt*, 131 AD3d at 567-568; *U.S. Legal Support, Inc. v Eldad Prime, LLC*, 125 AD3d at 487; *Ackerman v Ackerman*, 120 AD3d at 1280; *Matter of Aoki v Aoki*, 117 AD3d at 503) and, accordingly, cannot establish that she lacked knowledge from which she could have discovered the alleged fraud with reasonable diligence (*see Coleman v Wells Fargo & Co.*, 125 AD3d at 716; *Sargiss v Magarelli*, 50 AD3d at 1118; *Oggioni v Oggioni*, 46 AD3d at 648; *Von Blomberg v Garis*, 44 AD3d at 1034; *Sabbatini v Galati*, 43 AD3d at 1140; *Town of Poughkeepsie v Espie*, 41 AD3d 701, 705 [2007]). Since the latest alleged fraudulent act

of which the plaintiff complains occurred on January 21, 2004, and she did not commence this action until August 30, 2011, the Supreme Court properly granted dismissal of the cause of action alleging fraud as time-barred.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Hall, J.P., Austin, Roman and Barros, JJ., concur.