Ralph Lauren Retail, Inc. v 888 Madison LLC (2023 NY Slip Op 00747)

Ralph Lauren Retail, Inc. v 888 Madison LLC

2023 NY Slip Op 00747

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 652718/21 Appeal No. 17276 Case No. 2022-02382 

[*1]Ralph Lauren Retail, Inc., et al., Plaintiffs-Respondents,
v
888 Madison LLC, Defendant-Appellant.

Nixon Peabody LLP, New York (Adam B. Gilbert of counsel), for appellant.
Fried Frank Harris Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J), entered on or about April 26, 2022, which, to the extent appealed from, denied defendant's motion to dismiss plaintiffs' first cause of action for recission or reformation based on mistake of fact, unanimously modified, on the law, to dismiss plaintiffs' claim sounding in unilateral mistake, and otherwise affirmed, without costs.
Plaintiff Ralph Lauren Retail, Inc., is the tenant of four floors in a building owned by defendant and of an adjacent townhouse, combined with those floors, that is also owned by defendant. Plaintiff Ralph Lauren Corporation is the tenant's guarantor. On November 30, 2006, plaintiffs and defendant extended the lease for those premises to August 31, 2027. The modification granted plaintiffs two options to renew the lease, each time for 10 additional years. Plaintiffs could exercise their first renewal right until September 1, 2025. The parties subsequently modified the lease a second time.
Effective December 1, 2020, the lease was modified a third time to extend the term by ten years to August 31, 2037. According to the complaint, which we must accept as true on a motion to dismiss (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the parties had orally agreed to keep the rent for two floors flat without extending the term of the lease. Indeed, plaintiffs allege that they had unambiguously told defendant they would not extend the lease without more favorable rent provisions. Plaintiffs allege that they erroneously drafted the modification because, during a significant change of their legal personnel, there was a communication error between their departing counsel (who had negotiated the modification) and their incoming counsel (who wrote it).
Plaintiffs failed to state a claim for recission or reformation based on a unilateral mistake (see 737 Park Ave. Acquisition LLC v Shalov, 106 AD3d 513 [1st Dept 2013]; see also U.S. Legal Support, Inc. v Eldad Prime, LLC, 125 AD3d 486, 487 [1st Dept 2015]). Plaintiffs, however, have pleaded facts sufficient to sustain a claim for recission or reformation based on mutual mistake. "Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected" (Nash v Kornblum, 12 NY2d 42, 47 [1962] [internal quotation marks omitted]; see also Ebasco Constructors v Aetna Ins. Co., 260 AD2d 287, 290 [1st Dept 1999]). The allegations that the parties had orally agreed to modify the lease to keep the rent for the third and fourth floors of the premises flat for the remainder of the lease term without extending that term, and that the written agreement did not accurately reflect the oral
agreement, sufficiently stated a claim (cf. Stonebridge Capital, LLC v Nomura Intl. PLC, 68 AD3d 546, 548 [1st Dept 2009], lv dismissed 15 NY3d 735 [2010]).
We have considered defendant's remaining [*2]arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023