Pare v Pare (2023 NY Slip Op 06376)

Pare v Pare

2023 NY Slip Op 06376

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-02983
2021-03137
 (Index No. 152003/18)

[*1]Claire Pare, etc., appellant, et al., plaintiff,
v
Paul Pare, et al., respondents, et al., defendants.

Claire Pare, Staten Island, NY, appellant pro se.
Higgins & Trippett LLP, New York, NY (Lewis P. Trippett of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and conversion, the plaintiff Claire Pare appeals from (1) an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated April 6, 2021, and (2) a judgment of the same court dated April 26, 2021. The order dated April 6, 2021, insofar as appealed from, granted those branches of the motion of the defendants Paul Pare, Marianne Pare-Aalbue, Janice Pare-Shirley, and Donna Coules which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them. The judgment, insofar as appealed from, upon the order, dismissed the amended complaint insofar as asserted against those defendants. The appeal from the judgment brings up for review so much of an order of the same court (Kim Dollard, J.) dated May 12, 2020, as denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Paul Pare, Marianne Pare-Aalbue, Janice Pare-Shirley, and Donna Coules, and granted those defendants' cross-motion to compel the plaintiff to accept their late answer to the amended complaint.
ORDERED that the appeal from the order dated April 6, 2021, is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Paul Pare, Marianne Pare-Aalbue, Janice Pare-Shirley, and Donna Coules.
In August 2018, the plaintiff Claire Pare (hereinafter the plaintiff) commenced this action against her siblings, including the defendants Paul Pare (hereinafter Paul), Marianne Pare-Aalbue (hereinafter Marianne), Janice Pare-Shirley (hereinafter Janice), and Donna Coules (hereinafter Donna and collectively with Paul, Marianne, and Janice, the sibling defendants), among others. The complaint alleged that in 2008, the plaintiff's father signed a beneficiary form, which provided that the balance of an account held at the defendant Merrill Lynch, Pierce Fenner & Smith, Inc. (hereinafter the Merrill Lynch account), should be distributed in nearly equal percentages to each of his children upon his death. The complaint further alleged that the signature of the plaintiff's father was forged on a subsequent beneficiary form dated December 7, 2009 (hereinafter the subject [*2]beneficiary form), which allocated only 3% of the proceeds of the Merrill Lynch account to the plaintiff and allocated 18% or 20% of the proceeds of the Merrill Lynch account to each of the sibling defendants. The complaint asserted, inter alia, a cause of action for conversion against the sibling defendants. The sibling defendants timely answered the complaint.
Thereafter, the plaintiff amended her complaint to allege that Paul forged their father's signature on the subject beneficiary form and asserted additional causes of action to recover damages for fraud and a claim for punitive damages against Paul. The plaintiff served her amended complaint upon counsel for the sibling defendants on December 20, 2018. The sibling defendants served an answer to the amended complaint on January 23, 2019, 13 days after their 20-day deadline to do so as required by CPLR 3025(d). Two days later, the plaintiff rejected the sibling defendants' late answer.
In November 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the sibling defendants. The sibling defendants opposed the plaintiff's motion and cross-moved to compel the plaintiff to accept their late answer to the amended complaint, contending that they had a reasonable excuse for their default and a potentially meritorious defense to the amended complaint. By order dated May 12, 2020, the Supreme Court, inter alia, denied that branch of the plaintiff's motion and granted the defendants' cross-motion.
In November 2020, the sibling defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred. By order dated April 6, 2021, the Supreme Court granted those branches of the motion, and, subsequently, a judgment dated April 26, 2021, was entered dismissing the amended complaint insofar as asserted against the sibling defendants. The plaintiff appeals.
As a threshold matter, the appeal from the order dated April 6, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated April 26, 2021 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In a related appeal (Pare v Pare, _____ AD3d _____ [Appellate Division Docket No. 2021-04193; decided herewith]), the plaintiff appealed from so much of the order dated May 12, 2020, as denied that branch of her motion which was for leave to enter a default judgment against the sibling defendants, and granted the sibling defendants' cross-motion to compel the plaintiff to accept their late answer to the amended complaint. The issues raised on the appeal of that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense (see Gambino v Deutsche Bank Natl. Tr. Co., 181 AD3d 565, 566; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Mollica v Ruzza, 151 AD3d 714, 714). Here, the sibling defendants demonstrated a reasonable excuse based upon law office failure (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 615; Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Const. Corp., 45 AD3d 634, 636). The sibling defendants also set forth a potentially meritorious defense that the action was time-barred (see CPLR 203[g]; 213[8]; Cannariato v Cannariato, 136 AD3d 627, 627). Consequently, in light of the evidence that the sibling defendants' delay was not willful, the lack of prejudice to the plaintiff resulting from the sibling defendants' short delay in answering the amended complaint, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the sibling defendants (see CPLR 3215[f]) and granting the sibling defendants' cross-motion [*3]to compel the plaintiff to accept their late answer (see Gambino v Deutsche Bank Natl. Tr. Co., 181 AD3d at 566).
"A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer" (Coleman v Wells Fargo & Co., 125 AD3d 716, 716; see CPLR 203[g]; 213[8]). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant has the initial burden of establishing, prima facie, that the time in which to commence the action has expired (see Cannariato v Cannariato, 136 AD3d at 627; Coleman v Wells Fargo & Co., 125 AD3d at 716). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Cannariato v Cannariato, 136 AD3d at 627; Coleman v Wells Fargo & Co., 125 AD3d at 716).
"Where a plaintiff relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception" (Cannariato v Cannariato, 136 AD3d at 627 [alterations and internal quotation marks omitted]; see Hillman v City of New York, 263 AD2d 529, 529; Lefkowitz v Appelbaum, 258 AD2d 563, 563). "Although the question of when a plaintiff could 'with reasonable diligence have discovered the alleged fraud' is ordinarily 'a mixed question of law and fact,' summary dismissal is appropriate 'where it conclusively appears that the plaintiff has knowledge of facts which should have caused [him or] her to inquire and discover the alleged fraud'" (Cannariato v Cannariato, 136 AD3d at 627-628, quoting Rattner v York, 174 AD2d 718, 721).
Here, the gravamen of the plaintiff's fraud cause of action insofar as asserted against Paul is that their father's signature on the subject beneficiary form was forged by Paul, and she did not commence this action until more than eight years after that forgery allegedly occurred. Although the plaintiff contends that she did not discover the alleged fraud until 2018, when she obtained a copy of the subject beneficiary form, it conclusively appears that the plaintiff had knowledge of facts which should have caused her to inquire and discover the alleged fraud in or about March 2010 (see Matter of Hersh, 198 AD3d 766, 770; Oggioni v Oggioni, 46 AD3d 646, 648; Sabbatini v Galati, 43 AD3d 1136, 1140; Fitzgerald v Fitzgerald, 301 AD2d 851, 852; Hillman v City of New York, 263 AD2d at 529; Shannon v Gordon, 249 AD2d 291, 292). Accordingly, as the plaintiff failed to meet her burden to establish that she could not have discovered the fraud more than two years before commencing the action in 2018, the Supreme Court properly granted that branch of the sibling defendants' motion which was to dismiss the fraud cause of action insofar as asserted against Paul as time-barred.
Further, the Supreme Court properly granted that branch of the sibling defendants' motion which was to dismiss the conversion cause of action. Contrary to the plaintiff's contention, the statute of limitations for her conversion cause of action against Marianne, Janice, and Donna did not begin to run in 2018, when the plaintiff sent each of those defendants a demand letter. Instead, where, as here, the cause of action alleging conversion is based upon fraud, it is governed by the limitations period for fraud set forth in CPLR 213(8) (see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 867; Monteleone v Monteleone, 162 AD3d 761, 762). Thus, the cause of action alleging conversion, like the underlying fraud cause of action, is time-barred.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of the foregoing.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court