Dodobayeva v Rubinoff (2025 NY Slip Op 05219)

Dodobayeva v Rubinoff

2025 NY Slip Op 05219

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-10303
 (Index No. 724253/21)

[*1]Nelya Dodobayeva, appellant, 
v
Adelina Rubinoff, respondent, et al., defendant.

Charles E. Holster III, Garden City, NY, for appellant.
Daniel M. Bauso, Southampton, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to set aside an allegedly fraudulent conveyance of an interest in certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), dated September 12, 2023. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Adelina Rubinoff which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiff commenced this action against the defendant Adelina Rubinoff, her daughter-in-law, and another defendant, inter alia, to set aside a 2013 conveyance of the plaintiff's one-half interest in certain residential real property located in Queens (hereinafter the premises) to Rubinoff. The plaintiff alleged, among other things, that she was fraudulently induced into signing certain documents, including a quitclaim deed, effectuating the conveyance of the premises in that she believed, at the time that she signed the documentation to convey the premises, that she was executing documents to enable Steven Dobay, her son and Rubinoff's spouse, to become an owner of the premises. The plaintiff also alleged that she discovered for the first time in January 2020 that the documents that she signed in 2013 made Rubinoff the sole owner of the premises. The plaintiff further alleged in the complaint that as a native of Uzbekistan, she possessed "limited skills in the comprehension and use of the English language" at the time of the conveyance. The plaintiff additionally alleged that she executed the documents upon her justifiable reliance on purportedly fraudulent representations made by Rubinoff at the time of the conveyance. Rubinoff answered the complaint and subsequently cross-moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the cause of action alleging fraud insofar as asserted against her on the grounds that it was time-barred and that the plaintiff failed to state a cause of action. The plaintiff opposed. The plaintiff submitted an affidavit in which she stated that she signed the conveyance documents without reading them and that she would not have understood the documents even if she had tried to do so due to her English limitations. The plaintiff further admitted in her affidavit that she never had any conversations with Dobay about the 2013 conveyance or about the documents she signed until January 2020. In an order dated September 12, 2023, the Supreme Court, among other things, granted that branch of Rubinoff's cross-motion. The plaintiff appeals.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by [*2]the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d 775, 776 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. [internal quotation marks omitted]; see Vilsack v Meyer, 96 AD3d 827, 828).
"A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer" (York v York, 235 AD3d 1032, 1033 [internal quotation marks omitted]; see CPLR 203[g]; 213[8]; Sargiss v Magarelli, 12 NY3d 527, 532). "'Where[, as here,] a plaintiff relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception'" (York v York, 235 AD3d at 1033, quoting Cannariato v Cannariato, 136 AD3d 627, 627). Although, "'[o]rdinarily, an inquiry into when a plaintiff should have discovered an alleged fraud presents a mixed question of law and fact'" (Gormley v Marist Bros. of the Schs., Province of the United States of Am., 236 AD3d 868, 870, quoting Vilsack v Meyer, 96 AD3d at 828; see Trepuk v Frank, 44 NY2d 723, 724-725), "summary dismissal is appropriate where it conclusively appears that the plaintiff has knowledge of facts which should have caused [him or] her to inquire and discover the alleged fraud" (Cannariato v Cannariato, 136 AD3d at 628 [internal quotation marks omitted]). "Thus, although 'mere suspicion' will not substitute for knowledge of the fraudulent act" (id., quoting Erbe v Lincoln Rochester Trust Co., 3 NY2d 321, 326), a plaintiff may not "shut his [or her] eyes to facts which call for investigation" (Saphir Intl., SA v UBS PaineWebber Inc., 25 AD3d 315, 316, quoting Schmidt v McKay, 555 F2d 30, 37 [2d Cir]; see Shannon v Gordon, 249 AD2d 291, 292).
Here, the gravamen of the complaint is fraud in the factum, that the plaintiff was induced to sign documents without being advised of their contents (see First Natl. Bank of Odessa v Fazzari, 10 NY2d 394, 397; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 856). "However, a party who signs a document without any valid excuse for not having read it is conclusively bound by its terms" (Cannariato v Cannariato, 136 AD3d at 628 [alteration and internal quotation marks omitted]). "Moreover, a plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations or silence where he or she has means available to him or her of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (Lapin v Verner, 238 AD3d 1128, 1129-1130 [alterations and internal quotation marks omitted]; see Benjamin v Yeroushalmi, 178 AD3d 650, 654).
Here, the plaintiff admitted that she neither read nor inquired about the contents of the documents upon which she relies to establish the fraud before she signed them. Yet, she failed to proffer any valid excuse for her failure to do so. Under these circumstances, the plaintiff conclusively was presumed to have agreed to the terms of the documents and, accordingly, cannot establish that she lacked knowledge from which she could have discovered the alleged fraud with reasonable diligence (see Cannariato v Cannariato, 136 AD3d at 628).
Since Rubinoff met her prima facie burden of demonstrating that the cause of action alleging fraud accrued no later than the date of the execution of the quitclaim deed in February 2013, rendering that cause of action, which was asserted more than six years later, time-barred, the plaintiff was required to establish that the fraud could not have been discovered before the two-year period prior to the commencement of this action, and she did not do so. Accordingly, the Supreme Court properly granted dismissal of the cause of action alleging fraud insofar as asserted against Rubinoff as time-barred.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court