Innovative Sec., LTD. v OBEX Sec. LLC (2025 NY Slip Op 06023)

Innovative Sec., LTD. v OBEX Sec. LLC

2025 NY Slip Op 06023

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 650685/23|Appeal No. 5091|Case No. 2025-00073|

[*1]Innovative Securities, LTD., Plaintiff-Appellant,
v
OBEX Securities LLC, et al., Defendants, Prime Capital LTD., Defendant-Respondent.

Offit Kurman, P.A., New York (Albena Petrakov of counsel), for appellant.
Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about December 2, 2024, which granted defendant Prime Capital LTD.'s (Prime) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.
Prime established its prima facie burden on its summary judgment motion, and plaintiff failed to raise a triable issue of fact in opposition. This Court previously affirmed the dismissal of the complaint as against codefendants OBEX Securities LLC and Randy Katzenstein, relying on the fact that, as Prime established on its own motion, plaintiff admitted that it received and signed the account agreement at issue here (Innovative Sec. Ltd. v OBEX Sec. LLC, 231 AD3d 646, 646 [1st Dept 2024]). Plaintiff has failed to raise a triable issue of fact concerning the agreement's enforceability. Thus, the first cause of action was properly dismissed on the merits. Accordingly, we need not consider whether the law of the case doctrine applies.
The court properly granted summary judgment dismissing the fraudulent inducement cause of action, as the record establishes that plaintiff had the means of discovering, by the exercise of ordinary intelligence, the potential consequences of those terms of the agreement that it alleges caused it to suffer damages (see Woods v 126 Riverside Dr. Corp., 64 AD3d 422, 423 [1st Dept 2009], lv denied 14 NY3d 704 [2010]). It is significant that plaintiff is a sophisticated party (see U.S. Legal Support, Inc. v Eldad Prime, LLC, 125 AD3d 486, 487 [1st Dept 2015]). Moreover, it has not pleaded any specific misrepresentations or concealment (see Innovative Sec. Ltd. at 647).
The breach of fiduciary duty and unjust enrichment causes of action were properly dismissed, because the account agreement controls the relevant subject matter (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Celle v Barclays Bank P.L.C., 48 AD3d 301, 302 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025