■ ROBERT DILLARD JONES, Appellant, v NAZIEMUL SAFI et al., Defendants, and LAZAROWITZ & MANGANILLO, P.C., et al., Respondents. [871 NYS2d 647]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 8, 2007, as granted those branches of the separate cross motions of the defendants Lazarowitz & Manganillo, P.C., City of New York Agencies, and State of New York Agencies which were to dismiss the complaint insofar as asserted against each of them on the ground that it was time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this action, the plaintiff seeks, inter alia, to recover damages for legal malpractice and fraud stemming from the sale of two buildings located on Wilson Avenue in Brooklyn. In addition, the plaintiff claims that several federal, state, and city law enforcement agencies negligently failed to investigate and prosecute the various parties that he accused of real estate fraud. Regardless of whether the plaintiff's claims accrued in September 1996 (when the real estate closings occurred), in February

1997 (when the buyer defaulted on the second mortgages), or in the fall of 1997 (when the plaintiff filed a series of complaints with the law enforcement agencies), they were properly dismissed insofar as asserted against the respondents as untimely because the present action was not commenced until the fall of 2006 (*see* CPLR 213 [8]; 214 [6]; 215 [1]; 217 [1]).

Contrary to the plaintiff's contention, the doctrine of equitable estoppel does not toll the statute of limitations in this case because there is no evidence that any of the respondents induced him, by fraud, misrepresentations or deception, to refrain from filing a timely action (*see Zumpano v Quinn*, 6 NY3d 666 [2006]; *Simcuski v Saeli*, 44 NY2d 442 [1978]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Miller, Carni and Chambers, JJ., concur.