■ CONSTANCE COLEMAN et al., Appellants, v WELLS FARGO & COMPANY et al., Respondents. [4 NYS3d 93]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 12, 2013, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, among other things, to recover damages for fraud. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was barred by the applicable statute of limitations. The Supreme Court granted that branch of the defendants' motion.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (*see Beizer v Hirsch*, 116 AD3d 725 [2014]; *Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (*see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]; *Baptiste v Harding-Marin*, 88 AD3d at 753).

A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer (*see* CPLR 203 [g]; 213 [8]; *Marasa v Andrews*, 69 AD3d 584 [2010]; *Oggioni v Oggioni*, 46 AD3d 646, 648 [2007]). A cause of action based upon fraud accrues, for statute of limitations purposes, at the time the plaintiff "possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence" (*Town of Poughkeepsie v Espie*, 41 AD3d 701, 705 [2007]; *see Oggioni v Oggioni*, 46 AD3d at 648).

Here, the record demonstrates that the causes of action alleging fraud accrued on April 26, 2006, the date upon which

both the alleged fraud occurred and the plaintiffs possessed knowledge of facts from which they could have discovered it. Thus, the statute of limitations for those causes of action expired on April 26, 2012, approximately three months before this action was commenced. In opposition, the plaintiffs failed to raise a question of fact (*see Jones v Safi*, 58 AD3d 603, 604 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging fraud as time-barred.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.