■ ARTHUR SIMPKINS, Appellant, v JOSEPH MACKEY et al., Respondents. [50 NYS3d 303]—

Appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 23, 2014. The order, insofar as appealed from, granted that branch of the defendants' cross motion which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In April 2013, the plaintiff commenced this action, inter alia, to recover damages for fraud, alleging that the defendant Mary Mackey falsely represented to the police that the plaintiff had issued bad rent checks in connection with certain premises leased by the plaintiff. The plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved, among other things, pursuant to multiple provisions of CPLR 3211 (a) to dismiss the complaint. In an order dated June 23, 2014, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was to dismiss the complaint as time-barred. The plaintiff appeals.

"A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer" (*Coleman v Wells Fargo & Co.*, 125 AD3d 716, 716 [2015]; *see* CPLR 203 [g]; 213 [8]). Here, the record demonstrates that the cause of action alleging fraud accrued in September 2004, when Mary Mackey allegedly made false statements to the police regarding the plaintiff's rent checks. Thus, the statute of limitations for that cause of action expired in September 2010, prior to the commencement of this action in 2013.

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly granted that branch

of the defendants' cross motion which was to dismiss the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.