■ Francois Louis Celestin, Respondent, v Albert Simpson et al., Defendants, and Stewart Title Insurance Company, Appellant. [59 NYS3d 773]—

In an action to recover damages for fraud, the defendant Stewart Title Insurance Company appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered May 6, 2015, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Stewart Title Insurance Company pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred is granted.

The plaintiff commenced this action on November 6, 2014, to recover damages for the allegedly fraudulent conveyance and sale of real property previously owned by him. The allegedly fraudulent conduct of the defendant Stewart Title Insurance Company (hereinafter Stewart Title) occurred in 2000. The complaint alleged, inter alia, that the plaintiff did not learn of the fraudulent transfer until his property was sold. Annexed to the complaint was a referee's deed related to that sale, dated June 7, 2004. Stewart Title moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. The Supreme Court denied the motion.

A cause of action based upon fraud must be commenced within six years after the commission of the fraud, or within two years after the date the fraud was discovered or could with reasonable diligence have been discovered (*see* CPLR 213 [8]; 203 [g]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant has the initial burden of establishing, prima facie, that the time in which to commence the action has expired (*see Cannariato v Cannariato*, 136 AD3d 627, 627 [2016]; *Coleman v Wells Fargo & Co.*, 125 AD3d 716, 716 [2015]; *Beizer v Hirsch*, 116 AD3d 725, 725 [2014]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (*see Cannariato v Cannariato*, 136 AD3d at 627; *Coleman v Wells Fargo & Co.*, 125 AD3d at 716; *Beizer v Hirsch*, 116 AD3d at 725). "The burden of establishing that the fraud could not have been discovered before the two-year period prior to the commencement of the action rests on the plaintiff, who seeks the benefit of the exception" (*Lefkowitz v Appelbaum*, 258 AD2d 563, 563 [1999]; *see Cannariato v Cannariato*, 136 AD3d at 627; *Von Blomberg v Garis*, 44 AD3d 1033, 1034 [2007]; *Sabbatini v Galati*, 43 AD3d 1136, 1140 [2007]; *Hillman v City of New York*, 263 AD2d 529, 529 [1999]).

Here, Stewart Title established, prima facie, that the plaintiff commenced the action more than six years after the alleged fraud took place and more than two years after the plaintiff discovered the fraud. In opposition, the plaintiff failed to raise a question of fact or establish that the action was otherwise timely. Accordingly, the Supreme Court should have granted Stewart Title's motion to dismiss the complaint insofar as asserted against it.

Stewart Title's remaining contention is without merit. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.