Caiola v Fenestra Am., LLC (2018 NY Slip Op 01592)





Caiola v Fenestra Am., LLC


2018 NY Slip Op 01592


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-07672
 (Index No. 505884/13)

[*1]Benny Caiola, appellant, 
v
Fenestra America, LLC, respondent.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Scott R. Matthews of counsel), for appellant.
White & Wolnerman, PLLC, New York, NY (Randolph E. White of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and breach of warranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated July 29, 2015, which granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
On August 22, 2005, the plaintiff and the defendant entered into a contract under which the defendant agreed to manufacture and deliver a number of custom-made wooden doors to the plaintiff's home in Hampton Bays. The defendant did not install the doors. Sometime in 2006, the plaintiff noticed that water was leaking into his home through the doors. In 2012, following multiple conversations and exchanges of correspondence with the plaintiff, the defendant sent the plaintiff a letter criticizing the manner in which the doors had been installed and offering to, among other things, replace "the ocean-facing door units on the second floor" so that they could be re-installed in a different manner.
In 2013, approximately seven years after the defect was discovered, the plaintiff commenced this action to recover damages for breach of contract and breach of warranty. The defendant subsequently moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In the order appealed from, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Coleman v Wells Fargo & Co., 125 AD3d 716, 716; see Beizer v Hirsch, 116 AD3d 725, 725). If the moving defendant does so, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Celestin v Simpson, 153 AD3d 656, 657; Coleman v Wells Fargo & Co., 125 AD3d at 716). The applicable limitations period in this case is four years after the causes of action accrued [*2](see UCC 82-725[1]; New York Methodist Hosp. v Carrier Corp., 68 AD3d 830).
Here, the defendant established, prima facie, that the plaintiff commenced this action more than four years after the causes of action accrued (see UCC 2-725[1], [2]; see also Schwatka v Super Millwork, Inc., 106 AD3d 897, 898). In opposition, the plaintiff failed to raise a question of fact as to whether General Obligations Law § 17-101 applied to renew the limitations period (see Romanelli v Disilvio, 76 AD3d 553, 554-555; see also Boone Assoc., L.P. v Leibovitz, 13 AD3d 267, 267; Sitkiewicz v County of Sullivan, 256 AD2d 884, 886). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court