County of Suffolk v Suburban Hous. Dev. & Research, Inc. (2018 NY Slip Op 02311)





County of Suffolk v Suburban Hous. Dev. & Research, Inc.


2018 NY Slip Op 02311


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-01529
 (Index No. 12311/12)

[*1]County of Suffolk, respondent, 
v
Suburban Housing Development & Research, Inc., appellant.


Raymond G. Keenan, Shirley, NY, for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Elaine M. Barraga of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated November 12, 2015. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover alleged overpayments made on or before April 18, 2006.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as sought to recover alleged overpayments made on or before July 1, 2004, and substituting therefor a provision granting that branch of the defendant's motion, and (2) by deleting the provisions thereof denying those branches of the defendant's motion which were for summary judgment dismissing so much of the second and third causes of action as sought to recover alleged overpayments made on or before April 18, 2006, and substituting therefor provisions granting those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The County of Suffolk and Suburban Housing & Development Research, Inc. (hereinafter Suburban), entered into two agreements pursuant to which Suburban agreed to provide emergency housing services to homeless residents of Suffolk County. The first agreement was from July 1, 2002, through June 30, 2004, and provided the County with two one-year options to renew. The second agreement was from July 1, 2006, through June 30, 2010, and also provided the County with two one-year options to renew.
Both agreements required Suburban to submit monthly claims for compensation, which the County was obligated to pay after approval by its comptroller. The agreements provided that all payments made under the agreements were "subject to audit by the Suffolk County Comptroller." The agreements further provided: "[Suburban] shall maintain full and complete records of services . . . for a period of seven (7) years, which shall be available for audit and inspection by . . . the Suffolk County Comptroller." The agreements stated that in the event "such an audit disclose[d] overpayments by the County to [Suburban]," Suburban "shall repay the amount of such overpayment" within 30 days after the issuance of the "official audit report." The agreements further stated that the provisions requiring Suburban to repay the amounts of [*2]overpayment would "survive the expiration or termination" of the agreements.
The County commenced this action on April 18, 2012, asserting three causes of action. The first cause of action sought to recover damages for breach of contract, alleging that the County issued an audit report on July 1, 2011, and that the report disclosed overpayments from the County to Suburban in the total sum of $884,798. These overpayments allegedly were made from August 1, 2003, through July 31, 2007. The first cause of action further alleged that, despite the County's demand for repayment of the amount specified in the audit report, Suburban failed to make the requested repayment, thereby breaching the parties' agreements and causing the County to sustain damages in the total sum of $884,798.
The second cause of action sought to recover $884,798 under a theory of money had and received. The second cause of action specified that the sums to be recovered were paid from August 1, 2003, through July 31, 2007.
The third cause of action sought to recover damages for fraud. As relevant here, the third cause of action alleged that Suburban made false representations to the County regarding "costs and expenses in its financial statements," and that the "actual costs and expenses incurred" by Suburban "during the audit period were $884,798 less than [Suburban] stated."
After issue was joined, Suburban moved, inter alia, for summary judgment dismissing so much of the complaint as sought to recover alleged overpayments made on or before April 18, 2006. Suburban contended that all three causes of action were governed by six-year statutes of limitations, and that all three causes of action were untimely to the extent that they sought to recover overpayments that were allegedly made on or before April 18, 2006. In the order appealed from, the Supreme Court, among other things, denied that branch of Suburban's motion.
A cause of action to recover damages for breach of contract is governed by a six-year statute of limitations (see CPLR 203[a]). As a general principle, the statute of limitations begins to run when a cause of action accrues (see CPLR 203[a]), that is, "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770). "In contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 550; see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Here, the agreements gave the County the right to audit any payments that it made to Suburban in connection with the agreements and Suburban agreed to maintain its "records of services" for seven years for that purpose. Suburban agreed to repay any overpayments disclosed in an official audit report issued by the comptroller within 30 days after the issuance of such a report. The complaint alleged that Suburban breached the agreements when it failed to repay the overpayments disclosed in the comptroller's report within 30 days after that report was issued on July 1, 2011. Accordingly, contrary to the Supreme Court's determination, the breach alleged in the complaint occurred on August 1, 2011, when Suburban allegedly failed to comply with the repayment provisions of the agreements (see generally Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770; John J. Kassner & Co. v City of New York, 46 NY2d at 550; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d at 402). Since this action was commenced within six years of the alleged breach, the first cause of action is timely (see CPLR 203[a]).
However, Suburban is correct that the agreements did not give the County the unlimited right to perform an audit at any time in the future, extending indefinitely. Rather, the provisions requiring Suburban to maintain its "records of services" for seven years to allow the County to audit the payments demonstrate that any such audit was required to occur within seven years of the provision of such services. Accordingly, contrary to the County's contention, it had no contractual right to conduct an audit with respect to payments for services that were provided more than seven years prior to the issuance of the comptroller's official audit report. As such, Suburban [*3]demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing so much of the first cause of action as sought to recover alleged overpayments made on or before July 1, 2004. Since the County failed to raise a triable issue of fact in opposition to Suburban's prima facie showing, the Supreme Court should have granted that branch of Suburban's motion which was for summary judgment dismissing so much of the first cause of action as sought to recover alleged overpayments made on or before July 1, 2004 (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562).
"A cause of action for money had and received is one of quasi-contract or of contract implied-in-law" (Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata, 78 NY2d 128, 138; see Parsa v State of New York, 64 NY2d 143, 148). "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (Goel v Ramachandran, 111 AD3d 783, 790; see Litvinoff v Wright, 150 AD3d 714, 716). The statute of limitations applicable to a cause of action for money had and received is six years (see CPLR 213[2]; Matter of City of White Plains v City of New York, 63 AD2d 396, 399).
Here, the complaint alleged that Suburban received and benefitted from the overpayment amounts when those overpayments were made during the period specified in the audit report from August 1, 2003, through July 31, 2007. Suburban demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing so much of the second cause of action as sought to recover alleged overpayments made more than six years prior to the commencement of this action (see CPLR 213[2]). In opposition, the County failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Suburban's motion which was for summary judgment dismissing so much of the second cause of action as sought to recover alleged overpayments made on or before April 18, 2006 (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Zuckerman v City of New York, 49 NY2d at 562).
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898; see JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 579). "A cause of action based upon fraud must be commenced within six years after the commission of the fraud, or within two years after the date the fraud was discovered or could with reasonable diligence have been discovered" (Celestin v Simpson, 153 AD3d 656, 657; see CPLR 213[8]; 203[g]).
Here, the complaint alleged that Suburban made false representations to the County regarding costs and expenses in its financial statements during the audit period, which was from August 1, 2003, through July 31, 2007. Suburban demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing so much of the third cause of action as sought to recover alleged overpayments made more than six years prior to the commencement of this action as a result of its alleged misrepresentations (see CPLR 213[8]; 203[g]). In opposition, the County failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Suburban's motion which was for summary judgment dismissing so much of the third cause of action as sought to recover alleged overpayments made on or before April 18, 2006 (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Zuckerman v City of New York, 49 NY2d at 562).
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court