Schulman v Schulman (2018 NY Slip Op 07770)





Schulman v Schulman


2018 NY Slip Op 07770


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-02630
2016-09442
 (Index No. 60025/13)

[*1]David B. Schulman, appellant, 
v
Martin L. Schulman, et al., respondents.


Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Esseks, Hefter, Angel Di Talia & Pasca, LLP, Riverhead, NY (Stephen R. Angel and Amanda Star Frazer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and fraud, and for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated March 4, 2016, and (2) an order of the same court dated August 10, 2016. The order dated March 4, 2016, granted the defendants' motion for summary judgment dismissing the complaint. The order dated August 10, 2016, insofar as appealed from, upon reargument, adhered to the original determination in the order dated March 4, 2016.
ORDERED that the appeal from the order dated March 4, 2016, is dismissed, as that order was superseded by the order dated August 10, 2016, made upon reargument; and it is further,
ORDERED that the order dated August 10, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In March 2013, the plaintiff commenced this action against Martin L. Schulman (hereinafter Martin), Lee G. Schulman (hereinafter Lee), Julie Slann (hereinafter Julie), and Vascular Diagnostic Laboratories, Inc. (hereinafter VDL), to recover damages for conversion and fraud, as well as for declaratory relief and an accounting. The plaintiff alleged, inter alia, that Martin, Lee, and Julie fraudulently converted the plaintiff's ownership interest in VDL and transferred it to Julie.
Following discovery, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff's causes of action were time-barred by the applicable statutes of limitations. In an order dated March 4, 2016, the Supreme Court granted the defendants' motion. The plaintiff thereafter moved for leave to reargue his opposition to the defendants' motion. In an order dated August 10, 2016, the court granted reargument, and upon reargument, adhered to [*2]its original determination. The plaintiff appeals.
"An action alleging conversion must be commenced within three years of the date of the conversion" (Stewart v GDC Tower at Greystone, 138 AD3d 729, 730; see CPLR 214[3]; Mariano v Fiorvante, 118 AD3d 961, 962). Here, the defendants established, prima facie, that the plaintiff's cause of action alleging conversion accrued in 2003, and was therefore time-barred (see Stewart v GDC Tower at Greystone, 138 AD3d at 730; Theaprin Pharms., Inc. v Conway, 137 AD3d 1254). In opposition, the plaintiff failed to raise a triable issue of fact (see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
A cause of action based upon fraud must be commenced within the greater of six years after the commission of the fraud, or two years after the date the fraud was discovered or could with reasonable diligence have been discovered (see CPLR 203[g]; 213[8]; Celestin v Simpson, 153 AD3d 656, 657). Here, the defendants established, prima facie, that the plaintiff commenced this action more than six years after the alleged fraud took place and more than two years after the plaintiff discovered the alleged fraud (see Celestin v Simpson, 153 AD3d at 657; Simpkins v Mackey, 149 AD3d 1002; Coleman v Wells Fargo & Co., 125 AD3d 716, 717). In opposition, the plaintiff failed to raise a triable issue of fact (see Celestin v Simpson, 153 AD3d at 657; Coleman v Wells Fargo & Co., 125 AD3d at 717).
"Actions for declaratory judgments are not ascribed a certain limitations period. The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period. Thus, if the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 587 [citations omitted]). Here, the cause of action for declaratory relief could have been brought, and essentially was brought, in the form of the causes of action to recover damages for conversion and fraud. Since this action was commenced more than three years from the date the alleged conversion took place, and more than six years from the commission of the alleged fraud or two years from the discovery of the alleged fraud, the declaratory judgment cause of action is time-barred (see DiRaimondo v Calhoun, 131 AD3d 1194, 1198; Akhunov v 771620 Equities Corp., 78 AD3d 870; Tornheim v Tornheim, 67 AD3d 775; Waldman v 853 St. Nicholas Realty Corp., 64 AD3d at 587).
Since the defendants were entitled to summary judgment dismissing the underlying causes of action, they were also entitled to summary judgment dismissing the cause of action for an accounting (see Cambridge Capital Real Estate Invs., LLC v Archstone Enter. LP, 137 AD3d 593, 596; Pacheco v Alvia, 209 AD2d 493).
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court