Edem v Wondemagegehu (2019 NY Slip Op 06065)





Edem v Wondemagegehu


2019 NY Slip Op 06065


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-12806
 (Index No. 100025/18)

[*1]Orok Edem, appellant, 
v
Kidist Wondemagegehu, respondent.


Orok Edem, Staten Island, NY, appellant pro se.
Blank Rome LLP, New York, NY (Jonathan M. Robbin and Michael C. Lupton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Richmond County (Barbara I. Panepinto, J.), dated August 20, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
In March 2018, the plaintiff commenced this action to recover damages for intentional infliction of emotional distress in connection with an incident that allegedly occurred in February 2015. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time within which to commence the action has expired (see Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1011; Coleman v Wells Fargo & Co., 125 AD3d 716). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Coleman v Wells Fargo & Co., 125 AD3d at 716; Baptiste v Harding-Marin, 88 AD3d 752, 753).
Here, the defendant established, prima facie, that the cause of action to recover damages for intentional infliction of emotional distress was barred by the one-year statute of limitations for intentional torts (see CPLR 215[3]; Teller v Galak, 162 AD3d 959, 960; Silver v Silver, 162 AD3d 937, 939). The plaintiff did not commence this action until March 2018, more than three years after the subject incident (see Silver v Silver, 162 AD3d at 939). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period.
The plaintiff's remaining contentions are either without merit or not properly before [*2]this Court.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court