Martin v Tracey Mgr., LLC (2025 NY Slip Op 05805)

Martin v Tracey Mgr., LLC

2025 NY Slip Op 05805

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-04905
 (Index No. 614741/20)

[*1]Alan H. Martin, etc., et al., respondents-appellants,
v
Tracey Manager, LLC, et al., appellants- respondents, Tracey Tower Associates, L.P., nominal defendant-appellant-respondent (and a third-party action).

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (David Westermann, Jr., Peter S. Samaan, and John A. LoNigro of counsel), for appellants-respondents and nominal defendant-appellant-respondent.
Allan H. Carlin, Willow, NY, for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants and the nominal defendant appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered February 27, 2023. The order, insofar as appealed from, denied those branches of the motion of the defendants and the nominal defendant which were for summary judgment dismissing the first and second causes of action. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants and the nominal defendant which was for summary judgment dismissing the third cause of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In August 2021, the plaintiffs, Alan H. Martin and Gertrude A. Martin, as limited partners of the nominal defendant, Tracey Towers Associates, L.P. (hereinafter the partnership), commenced this derivative action to recover damages for breach of contract, breach of fiduciary duty and aiding and abetting breach of fiduciary duty, and fraudulent inducement and aiding and abetting fraud. The complaint also included demands for punitive damages with respect to the second cause of action, alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty, and the third cause of action, alleging fraudulent inducement and aiding and abetting fraud. In the first cause of action, alleging breach of contract, the plaintiffs alleged that the defendant general partners, Tracey Manager, LLC, and Tracey Towers Housing Co., Inc. (hereinafter together the general partners), breached their obligations under a partnership agreement to obtain written consent of more than 70% of the limited partners before obtaining a mortgage on behalf of the partnership in 2017. In the second cause of action, the plaintiffs alleged, inter alia, that the general partners breached their fiduciary duty to the limited partners by, among other things, obtaining the 2017 mortgage without the required approval of the limited partners and that the defendant Leon D. DeMatteis Construction Corporation (hereinafter DeMatteis), the controlling shareholder of the partnership, aided and abetted [*2]the general partners' breach of fiduciary duty. In the third cause of action, the plaintiffs alleged, inter alia, that the general partners fraudulently induced the limited partners to consent to a 2012 mortgage obtained on behalf of the partnership and that DeMatteis aided and abetted fraud.
Thereafter, the defendants and the partnership moved for summary judgment dismissing the complaint. In an order entered February 27, 2023, the Supreme Court denied those branches of the motion which were for summary judgment dismissing the first and second causes of action and granted that branch of the motion which was for summary judgment dismissing the third cause of action. The defendants and the partnership appeal from so much of the order as denied those branches of the motion which were for summary judgment dismissing the first and second causes of action, and the plaintiffs cross-appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the third cause of action.
Here, contrary to the contention of the defendants and the partnership, they failed to eliminate triable issues of fact as to whether the plaintiffs, as limited partners of the partnership, sustained recoverable damages resulting from the general partners' alleged breach of the partnership agreement and alleged breach of fiduciary duty and from DeMatteis's alleged aiding and abetting breach of fiduciary duty. Thus, the defendants and the partnership failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action, and the Supreme Court properly denied those branches of the motion of the defendants and the partnership which were for summary judgment dismissing those causes of action, irrespective of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Actions based on fraud . . . are subject to the statute of limitations of 'the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it'" (O'Reilly v Klar, 167 AD3d 920, 921, quoting CPLR 213[8]). Here, the defendants and the partnership established, prima facie, that the third cause of action, alleging fraudulent inducement and aiding and abetting fraud, accrued, at the latest, in August 2012 when the refinancing at issue in that cause of action closed, at which time the plaintiffs possessed knowledge of facts from which they could have discovered the alleged fraud (see Coleman v Wells Fargo & Co., 125 AD3d 716, 716-717). Thus, the statute of limitations for the third cause of action expired prior to the commencement of this action in August 2021. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the motion of the defendants and the partnership which was for summary judgment dismissing the third cause of action.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court